UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                    Plaintiff,

          -against-                                        23-CV-6462 (LTS)

UNITED STATES SUPREME COURT; THE                     ORDER OF DISMISSAL
SUPREME COURT OF KINGS COUNTY,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff William Scales, who is appearing *pro se*, brings this action under the Court's

federal question jurisdiction and diversity of citizenship jurisdiction, alleging that Defendants

violated his federally protected rights. By order dated August 2, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted),

has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal

Rules of Civil Procedure, which requires a complaint to make a short and plain statement

showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this complaint against the Supreme Court of the United States, and the

Supreme Court of Kings County, New York, regarding events allegedly occurring between 2021

and 2023. Plaintiff alleges as follows:[1]

> The defendant's subsidiary courts has deliberately sabotaged myself and
> companies preventing court orders that would have provided money damages and
> multiple defendants compel needed to launch multiple companies.

(ECF 1 ¶ I.) Plaintiff further alleges:

> The Defendant is being sued for violating my constitutional rights and the
> constitutional rights of my companies. The Defendant is also being sued for
> negligence (of duty, etc). The defendant's actions has hindered success and has
> caused me financial damages accumulated in personal financial damages and
> woes, lost of revenue, missed business opportunities, etc. The defendant is
> responsible for preventing multiple businesses and government entities from
> being sued, preventing compliance or allowance/continuation of misconduct of
> the entities.

(ECF 1 ¶ III.) Plaintiff seeks money damages. (*Id.* ¶ IV.)

Plaintiff previously filed in this court a complaint containing similar allegations, and the

Court transferred it to the United States District Court for the Eastern District of New York. *See*

*Scales v. Supreme Court of the United States*, ECF 1:22-CV-7292, 3 (S.D.N.Y. Aug. 3, 2022).

By order dated June 23, 2023, the Eastern District construed the complaint as having been

"brought against the New York Supreme Court, Kings County, rather than the United States

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, and spelling
are in the original unless otherwise indicated.

Supreme Court," and dismissed it under the Eleventh Amendment. *See Scales v. Supreme Court of the United States*, No. 22-CV-5333 (E.D.N.Y. June 23, 2023) ("*Scales I*").[2]

## DISCUSSION

### A.    Claims against the United States Supreme Court

The doctrine of sovereign immunity bars federal courts hearing all suits against the federal government, including suits against any part of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court therefore dismisses Plaintiff's claims against the United States Supreme Court as barred under the doctrine of sovereign immunity.

### B.    Claims against the Supreme Court of Kings County

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has

---

[2] Plaintiff has filed other *pro se* complaints in this Circuit. *See Scales v. Fed. Bureau of Investigation*, No. 22-CV-7859 (E.D.N.Y. June 5, 2023) (dismissing complaint as frivolous); *Scales v. Hotel Trades Council of New York Local 6*, ECF 1:21-CV-8142, 80 (JPC) (S.D.N.Y. Apr. 3, 2023) (dismissing second amended complaint on the merits). On July 25, 2023, the date on which Plaintiff filed this complaint, he filed four other cases in this court. *See Scales v. LA Web Experts*, No. 23-CV-6441 (UA); *Scales v. Design Nortex*, No. 23-CV-6442 (UA); *Scales v. Web Design Gator*, No. 23-CV-6445 (UA); *Scales v. Amer. Web Coders*, No. 23-CV-6448 (UA).

not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not

abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate*

*Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). New York State's immunity extends to the New

York State Unified Court System. *Gollomp*, 56 F.3d at 368.

In the absence of any indication that the State has consented to suits such as this one, or

that Congress has otherwise abrogated the State's immunity to these claims, Plaintiff's claims

against the Supreme Court of Kings County are barred by the Eleventh Amendment, and are

therefore dismissed.

**C.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

**D.    Warning**

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given

case depends upon a variety of factors, including the procedural context and relevant

characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro

se* litigant who has previously brought a similar case may be charged with knowledge of

particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009)

(discussing circumstances where frequent *pro se* litigant may be charged with knowledge of

particular legal requirements).

In light of the dismissal of the Eastern District's dismissal of *Scales I* on immunity

grounds, the Court finds that Plaintiff knew or should have known that this complaint lacked

merit when he filed it. Plaintiff is warned that further duplicative litigation or litigation lacking in

merit may result in an order directing him to show cause why he should not be barred from filing

any further actions in this court IFP without first obtaining permission from this court to file his

complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in

this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte*

without providing the litigant with notice and an opportunity to be heard." )

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

  Dated:    August 7, 2023
            New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge